THE STATE v. PEPPER, et al.

An appeal cannot be taken until final judgment has been rendered in the cause.

Appeal from the Washington Circuit Court.

*Opinion of the Court, delivered by Scott, Judge.*

A scire facias was issued against Pepper, and bail, on a forfeited recognizance. The parties appeared, and demurred to the scire facias. The demurrer was sustained, and the cause is brought here by the State.

An appeal cannot be taken until final judgment has been rendered in the cause.

A motion was made to dismiss the appeal, because it appears from the record, that no final judgment has been entered in the cause. This motion must prevail. It appears from an inspection of the record, that the court simply gave a judgment sustaining the demurrer to the scire facias. No further entry is made in the cause. The suit, then, is still pending in the court below, and this appeal is improvidently brought here.

---

REEVS v. HARDY & BUCKNER.

1. When the statements of the opposite party are offered in evidence, whatever was stated in the same conversation, whether adverse to the interests of the party offering the evidence or not, is also admissible.
2. A receipt given by a member of a firm in his own name, without reference to the firm, is not necessarily evidence that the money was paid in discharge of a debt due to the firm.

Error to the Circuit Court of Crawford county.

FRISSEL for Plaintiff in Error.

COLE for Defendants in Error.

*Opinion of the Court, delivered by Tompkins, Judge.*

Hardy & Buckner, the defendants in error, sued Josias

Reevs before a justice of the peace, and judgment being given against Reevs, he appealed to the circuit court. That court also gave judgment against him, and he prosecutes here his writ of error to reverse the judgment.

The bill of exceptions shows that Hardy & Buckner, in the circuit court, gave in evidence against Reevs, a note executed to them by Reevs, on which was endorsed a small credit. Reevs, on his part, gave in evidence a receipt, dated some time after the note which was sued on, signed by Thomas Buckner, one of the plaintiffs in this suit, before the justice, and the circuit court. The receipt was for all dues, debts and demands, up to this date, 25th March, 1838. The note was dated and due more than a year before the receipt; and Buckner was proved to have acknowledged the receipt; but he stated that the receipt "*had nothing to do with the bond in the suit.*" The jury found a verdict for the plaintiffs for the amount of the note, &c., deducting the credit. Reevs moved for a new trial, and the refusal of the court to grant this new trial is assigned for error.

The plaintiff in error insists that the receipt of Thomas Buckner ought to be evidence against Buckner & Hardy, and that it is error to bring the suit in the names of Hardy and Buckner, instead of using the given names of the plaintiffs. The last objection was not made before the circuit court and ought not therefore to have been urged here. And as to the first, it is sufficient to observe, that as the plaintiff in error gave in evidence the admissions of Buckner against his own interest, it was perfectly correct that what Buckner stated in the same conversation, in his own favor, should go to the jury. But money paid to Thomas Buckner, and his receipt therefor, is not necessarily evidence that such money was paid for the use of Hardy & Buckner. It might have been the case, that Reevs owed money to Hardy & Buckner, and also to Thomas Buckner. The jury have chosen to consider it so, and we can see no reason to set aside their verdict.

The judgment of the circuit court is therefore affirmed.

*in discharge of a debt due to the firm.*

MAY TERM, 1842

Reevs
v.
Hardy and Buckner.

When the statements of the opposite party are offered in evidence, whatever was stated in the same conversation, whether adverse to the party offering the evidence or not, is also admissible.

A receipt given by a member of a firm in his own name, without reference to the firm, is not necessarily evidence that the money was paid